[No. 1959.]

### DICK SCHULTZ v. THE STATE.

1. THEFT — EVIDENCE.— It is essential to a conviction for theft under an indictment which alleges the ownership of the stolen property to be in one person, and the possession to have been in another for the owner, that the State establish the non-consent both of the owner and the possessor.

2. SAME.— NON-CONSENT of the owner to the taking of the property may, in a trial for such theft, be proved by showing circumstances which absolutely exclude every reasonable presumption that he gave consent to the taking. Such proof, however, is not available if direct or positive proof is accessible, provided such objection is interposed at the time the circumstantial evidence is offered, and, to be entitled to consideration on appeal, the objection must appear by proper bill of exception.

3. SAME — CHARGE OF THE COURT.— POSSESSION OF RECENTLY STOLEN PROP-
ERTY, even when unexplained, is but circumstantial evidence of guilt in a
theft case, and if the State relies solely upon that fact, the defendant be-
comes entitled to a proper charge upon circumstantial evidence. In limit-
ing its charge upon circumstantial evidence in this case, and in failing to
correctly apply it to the case generally, the charge of the court was erro-
neous. See the opinion on this point.

APPEAL from the District Court of De Witt. Tried below before
the Hon. H. C. Pleasants.

The appellant was convicted under an indictment which charged
him with the theft of a horse, the property of one Tom Holt, which
said horse was taken from the possession of John Anders, who held
the said horse for the said Holt, in De Witt county, Texas, on the
24th day of September, 1884. The penalty assessed was a term of
five years in the penitentiary.

John Anders testified, for the State, in substance, that in the sum-
mer of 1884 Tom Holt, a sheep trader, left in his possession, for
safe keeping, a bay pony branded with the letters S E E on the left
thigh. The witness turned the pony upon the range with his own
horses, from which range the said pony disappeared late in the sum-
mer or early in the fall. He was taken by some one unknown to
the witness, and without the witness's consent. A short time be-
fore the pony disappeared the defendant asked the witness who
owned a bay pony branded S E E, then running on the range near
the Schleicher bridge. Witness told him that he, witness, did to all
intents and purposes, as Tom Holt, the actual owner, had left the
animal in his possession to be used as he pleased. Holt was on his
way out west to buy sheep when he left the pony in witness's charge.
The pony then had a sore back, and was unfit for use. About two
months after the pony disappeared, Holt applied to the witness for
the pony to use on another trip out west which he was then con-
templating. Witness did not know Holt's present whereabouts.
Holt owned the horse, and had the legal right to take him or to send
another person for him, but witness did not think he would have
done so without giving witness notice. The animal was taken in
De Witt county. Witness could not say that the animal sold by de-
fendant to A. W. Evans was the Holt pony.

Jeff White testified, for the State, in substance, that he was the
inspector of hides and animals for De Witt county in 1884. On or
about the 14th day of September of that year, the defendant ap-
plied to witness to inspect a horse he was then selling to A. W.
Evans. Witness did so and attested the bill of sale. The animal

was a bay pony branded S E E on the left thigh. That transaction occurred on one of the most public streets of the town of Cuero. No effort at concealment was made by defendant. Witness did not ask defendant where he got the horse.

A. W. Evans testified, for the State, in substance, that either he or Bonner, with whom he was making up a drove of horses to drive to market, in 1884, bought of the defendant a bay pony branded S E E on the left thigh. The purchase was made and the bill of sale executed on Esplanade street in the town of Cuero.

Mrs. E. E. Johnson, the defendant's mother, testified in his behalf that, early in September, 1884, while she was staying at defendant's house, she saw the defendant purchase a bay pony branded S E E on the left thigh from Jesse A. Baker, and saw him pay Baker the money for the horse. Baker had previously worked in the neighborhood, and for a time with defendant, as a farm hand. Baker's residence was in Kerr county, and witness thought he was at home.

Walter Cook testified, for the defense, that he met the man Baker between Cuero and Clinton about the time of the alleged theft of Holt's horse. Witness had no personal acquaintance with Baker.

The motion for new trial raised the questions discussed in the opinion.

*E. J. Hamner* and *Fly, Davidson & Davidson*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

White, Presiding Judge. The indictment alleged the stolen horse to be the property of one Holt, but that it was taken from the possession of one Anders, who was then and there holding possession of the same for Holt, and that it was taken without the consent of Holt and without the consent of Anders.

Where the ownership and possession are thus alleged, it is necessary to prove on the part of the State, in order to make out the case, the want of consent both of the owner and the party holding possession for him. (*Bailey* v. *The State*, 18 Texas Ct. App., 427; *Frazier* v. *The State*, id., 434; *Atterberry* v. *The State*, 19 Texas Ct. App., 401; *Williams* v. *The State*, 19 Texas Ct. App., 277.)

Anders, who was a witness upon the stand, proved his own want of consent and stated the facts and circumstances connected with Holt's having left the pony in his possession; also that, some month or more after the pony was stolen, Holt came to witness's house and

inquired for his pony, as he wanted to ride him on a trip out west he was then making. Witness did not know where Holt was at the time of the trial. But he says: "Tom Holt was the owner of the pony and had the legal right to take him or send another person for him. But I do not believe he would have done so without giving me notice."

In a trial for theft the want of the owner's consent to the taking of the property by the accused may be shown by circumstances which absolutely exclude every reasonable presumption that the owner gave his consent. (*Rains* v. *The State*, 7 Texas Ct. App., 588; *Stewart* v. *The State*, 9 Texas Ct. App., 321; *Spruill* v. *The State*, 10 Texas Ct. App., 695; *Wilson* v. *The State*, 12 Texas Ct. App., 481; *Clayton* v. *The State*, 15 Texas Ct. App., 348; *Miller* v. *The State*, 18 Texas Ct. App., 34.)

But it is insisted that, whilst such proof can be made by circumstantial evidence, circumstantial proof cannot be resorted to so long as positive or direct proof is available. This rule is also settled, provided the party made objection at the time to the proof by circumstantial evidence. Such objection, to avail an appellant in this court, must appear by a proper bill of exception showing that such circumstantial evidence was objected to when tendered on the trial. (*Stewart* v. *The State*, 9 Texas Ct. App., 321; *Williams* v. *The State*, 19 Texas Ct. App., 277.) In this case no objection was taken or bill of exception reserved to the proof adduced, as above stated, to show Holt's want of consent; and the charge of the court fully presented the law with regard to proof of want of consent by circumstantial testimony. We cannot see that appellant is in an attitude to make complaint as to this matter.

There is, however, an error of omission in the charge of the court which necessitates a reversal of the judgment. As to the fact of *the taking* of the animal there was no direct or positive proof. It is true that defendant was seen in possession of and actually sold the pony in Cuero some short time after it was missed by the party in possession. This, however, was but recent possession, and recent possession, though under certain circumstances sufficient to establish guilt, is at last but a circumstance, in itself weaker or stronger as the case may be indicative of guilt. (*Lehman* v. *The State*, 18 Texas Ct. App., 174.) Possession of recently stolen property, even when unexplained, is but circumstantial evidence of guilt in a theft case, and, the State relying solely upon that fact, the defendant is entitled to a charge upon the law of circumstantial evidence. (*Sullivan* v. *The State*, 18 Texas Ct. App., 623.) Whilst

the court did fully instruct the jury in the law of circumstantial evidence as applicable to proof of non-consent of the owner Holt, there was no application of the rule generally to the case, much less specially as to the question of fraudulent taking,— the proof being entirely circumstantial as to this latter phase of the case.

For error in the charge of the court the judgment is reversed and the cause remanded.

*Reversed and remanded.*